[L. A. No. 29490. In Bank. Nov. 14, 1967.]

ELIZABETH TUBBS, Plaintiff and Appellant, v. SOUTH-
 ERN CALIFORNIA RAPID TRANSIT DISTRICT,
 Defendant and Respondent.

Aaron P. Moss and Edward L. Lascher for Plaintiff and Appellant.

Harry M. Hunt and Victor Rosenblatt for Defendant and Respondent.

McCOMB, J.—Plaintiff appeals from a judgment of dismissal in favor of defendant following her failure to amend her second amended complaint after the sustaining of a general demurrer.

*Facts*: On May 25, 1964, plaintiff filed a complaint for personal injuries alleged to have been suffered by her on May 27, 1963, while she was a passenger on one of defendant's busses that collided with another bus operated by defendant. Plaintiff alleged that she had presented a claim for damages with defendant's predecessor, the Los Angeles Metropolitan Transit Authority, a public corporation, on July 5, 1963. Defendant's demurrer on the ground that the action was barred by sections 945.4 and 945.6 of the Government Code[1] was sustained, with leave to amend.

In her first amended complaint, plaintiff alleged the presentation of a claim to defendant and incorporated by reference a copy thereof as an exhibit. Defendant's demurrer was again sustained on the ground that the statute of limitations had run.

Plaintiff's second amended complaint is in three counts and contains the necessary allegations of negligence, proximate cause, agency, and damages. In the first count, she omitted the allegation in the original and first amended complaint that a claim had been presented to defendant, and alleged that defendant failed to file a statement of facts as required by section 53051 of the Government Code and

---

[1]Section 945.4 requires the presentation of a written claim as a prerequisite to suit against a public entity, and section 945.6 provides that suit must be commenced within six months after the date the claim is acted upon or deemed to have been rejected.

was therefore subject to suit without the necessity of presentation of a claim.

In the second count, plaintiff alleged that she presented a claim for a portion of her damages "within the time provided by law," and that on March 4, 1964, she caused to be delivered to defendant's agent certain bills, reports and statements constituting an amended claim, which she contends extended the period of limitation for bringing an action.

In the third count, she realleged the presentation of a claim and further made certain allegations which she contends estop defendant from raising the bar of the statute of limitations.

■ Question: *Did the second amended complaint state a cause of action against defendant?*

*No.* The trial court properly sustained the demurrer to the whole complaint for the reason that plaintiff's cause of action was barred by the statute of limitations. Plaintiff's alleged cause of action arose on May 27, 1963. At that time, as a prerequisite to maintaining an action for damages against a local public entity, claims for physical injuries were required to be presented to the entity not later than 100 days after the accrual of the cause of action. (Former Gov. Code, §§ 710, 715.)

On September 20, 1963, the California Tort Claims Act became effective, and the procedural provisions for claims presentation and actions against public entities were enacted by the statutes of 1963, chapter 1715. Section 152 of chapter 1715 reads:

"(a) *This act applies to all causes of action heretofore or hereafter accruing.*

"(b) Nothing in this act revives or reinstates any cause of action that, on the effective date of this act, is barred either by failure to comply with any applicable statute, charter or ordinance requiring the presentation of a claim or by failure to commence an action thereon within the period prescribed by an applicable statute of limitations.

"(c) Subject to subdivision (b), where a cause of action accrued prior to the effective date of this act and *a claim thereon has not been presented* prior to the effective date of this act, a claim shall be presented in compliance with this act, and for the purposes of this act such cause of action shall be deemed to have accrued on the effective date of this act.

"(d) Subject to subdivision (b), *where a cause of action accrued prior to the effective date of this act* and *a claim thereon was presented* prior to the effective date of this act, *the provisions of this act* so far as applicable *shall apply to such claim*; and, *if such claim has not been acted upon* by the board prior to the effective date of this act, *such claim shall be deemed to have been presented on the effective date of this act.*" (Italics added.) (See Legislative Committee Comment to Stats. 1963, ch. 1715, § 152, p. 3424, following Gov. Code, § 900.)

Plaintiff falls within subdivision (d) quoted above. Her cause of action accrued prior to the effective date of the 1963 act, a claim had been presented to the public entity within 100 days of the accrual of her cause of action, the claim had not been acted on, and her cause of action was not barred by the one-year statute of limitations (former Gov. Code, § 719) applicable prior to the new tort claims act. Her claim therefore was deemed to have been presented on September 20, 1963.

Under the 1963 act, the governing body of the public entity to whom a claim has been presented is allowed 45 days thereafter to act on the claim, and if it fails or refuses to act within the time prescribed the claim is deemed to have been rejected on the last day of the period within which the board was required to act (Gov. Code, § 912.4); suit against the public entity must be commenced within six months after the date the claim is acted upon, or is deemed to have been rejected (Gov. Code, § 945.6; Code Civ. Proc., § 342.) Therefore, no action having been taken by defendant within the 45-day period, the claim was rejected by operation of law on November 4, 1963, and the six-months statute of limitations ran on May 4, 1964. Plaintiff's complaint was not filed until May 25, 1964.

In the first count of the second amended complaint plaintiff alleges that defendant failed to comply with section 53051 of the Government Code and that pursuant to section 945.5, defendant was subject to suit without the necessity of presentation of a claim. Section 53051, enacted in 1963 (Stats. 1963, ch. 1805, p. 3649, § 2; amended Stats. 1965, ch. 653, p. 2020, § 32) requires a public entity (except the state, cities and counties) to file with the Secretary of State and county clerk its name and address, and the names and addresses of its governing board members and officers, in an indexed Roster of Public Agencies. Section

945.5[2] provided that where the public agency fails to file such information, presentation of a claim is not required.

These two statutes (Gov. Code, §§ 945.5 and 53051) are part of chapter 1805 and were enacted separately from the claims procedures recommended by the Law Revision Commission and adopted by the Legislature in chapter 1715. (See Van Alstyne, Cal. Government Tort Liability (Cont. Ed. Bar) p. 774.) The purpose of the statute requiring information for the Roster of Public Agencies (§ 53051) was to provide a means for identifying public agencies and the names and addresses of designated officers needed to enable or assist a person to comply with any applicable claims procedure. Neither section 945.5 nor 53051 was made retroactive, and a claimant who has actually presented a claim with the proper public entity may not invoke those sections to excuse compliance with the claims statutes and circumvent the special six-month statute of limitations.

In order to obviate the bar of the statute of limitations, plaintiff, in the first count of her second amended complaint, omitted any reference to the presentation of her claim. While not denying that a claim was filed, she argues that it was a "superfluous act" and should be disregarded. To accept this argument is to ignore the clear language of the Legislature in chapter 1715, section 152, that the new act applies to all unbarred causes of action that accrued prior to September 20, 1963 (the effective date of the new act) for which claims had been presented and not acted on. The Legislature intended that the procedural provisions relating to claims and actions against public entities apply prospectively to any previously accrued cause of action that was not already barred under a previous claim procedure or statute of limitations as of September 20, 1963 (see Van Alstyne, Cal. Government Tort Liability (Cont. Ed. Bar) supra, § 11.4, p. 464), and it separated those unbarred causes of action on which claims had not been presented (subd. (c)) from those on which claims had been presented but not acted upon (subd. (d)) prior to September 20, 1963. Plaintiff's cause of action is governed by subdivision (d), and she cannot now be heard to say that the claim which she was required to, and actually did, present as a mandatory prerequisite to maintaining an action, was a "mere superfluity," and thereby seek the protection of

___

[2]Section 945.5 was repealed in 1965 and replaced by section 946.4. (Stats. 1965, ch. 653, p. 2015, § 21.)

statutes that were manifestly designed to assist persons who had not filed claims.

 There is likewise no merit to plaintiff's contention that the usual one-year statute of limitations, and not the special six-month statute, applies to her cause of action by virtue of section 945.8 of the Government Code, which prior to its 1965 amendment, read: "Except where a different statute of limitations is specifically applicable to the public entity, any action against a public entity upon a cause of action *for which a claim is not required to be presented* in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced within the time prescribed by the statute of limitations that would be applicable if the action were brought against a defendant other than a public entity." (Italics added.)

The above section applies to certain claims exempt from the general claims procedure, e.g., exceptions listed in Government Code section 905, claims against the University of California, etc. (See Van Alstyne, Cal. Government Tort Liability (Cont. Ed. Bar) supra, p. 780.)

 In the second count of her second amended complaint, plaintiff alleged that she presented a claim to defendant "within the time prescribed by law" and that on March 4, 1964, she presented an "amended claim." She contends that the six-month statute of limitations did not begin to run until 45 days after action by defendant upon the amended claim or its rejection by operation of law. According to her computation, her amended claim was deemed rejected on April 18, 1964, and she had six months thereafter in which to file her complaint.

As heretofore noted, pursuant to section 152, subdivision (d) of chapter 1715, plaintiff's claim was deemed to have been presented on the effective date of the act, September 20, 1963. Thus, in the absence of a written agreement extending the time within which the board might act on the claim, as provided in section 912.4 of the Government Code,[3] plaintiff would have had to file an amended claim

---

[3]Section 912.4 (prior to its 1965 amendment) read: "The board shall act on a claim in the manner provided in Section 912.6 or 912.8 within 45 days after the claim has been presented. If a claim is amended, the board shall act on the amended claim within 45 days after the amended claim is presented. The claimant and the board may extend the period within which the board is required to act on the claim by written agreement made before or after the expiration of such period. If the board

within 45 days after September 20, 1963, to wit, on November 4, 1963. It is obvious that the letter of March 4, 1964, from plaintiff's counsel to defendant's agent, enclosing statements of medical and loss-of-wages expenses, was not presented within the statutory time permitted for amending a claim.

The third count of the complaint fails as a matter of law to state facts sufficient to raise an estoppel. Plaintiff alleged that the personnel of defendant's agent, Transit Casualty Company, were persons of extensive skill and experience in claims procedures and that neither she nor her attorney was experienced in "claims matters of this sort," and that "From and after the time of filing said claim initially, the defendants, acting through their said agent, by their conduct in requesting information, reserving acts on their own part for future performance, purportedly 'evaluating' the claim of the plaintiff and other similar acts and conduct, particularly when coupled with their remaining silent as to the fact that the plaintiff's claim had purportedly been rejected by operation of law and that they were contending and would contend that the period of limitations had commenced running, were guilty of conduct which in its natural and foreseeable effect would lull a reasonably prudent claimant and her reasonably prudent attorney into a belief that the defendants were making an evaluation and investigation of the claim preparatory to its rejection or allowance and that the same had neither been rejected nor allowed, and plaintiff and her attorney were so lulled and misled and in reliance thereon refrained from filing suit within six months after the constructive rejection of said claim, and therefore the defendants are equitably estopped to assert the rejection of the claim by operation of law or to assert the defense of the statute of limitations should the same be otherwise applicable."

---

fails or refuses to act on a claim within the time prescribed by this section, the claim shall be deemed to have been rejected by the board on the last day of the period within which the board was required to act upon the claim. If the period within which the board is required to act is extended by agreement, whether made before or after the expiration of such period, the last day of the period within which the board is required to act shall be the last day of the period specified in such agreement."

In 1965 the above section was amended to make it clear that an agreement extending the board's time to act on a claim must be entered into before an action is commenced or before the action is barred by the applicable statutes of limitations (the six-month period allowed by section 945.6 after rejection of the claim).

The foregoing allegations are conclusions of law and fact as to the effect of the conduct of defendant's agent. The complaint fails to allege any misrepresentations or promises on the part of defendant to support the claim that plaintiff was induced to delay the filing of her complaint in reliance thereon. She was represented by counsel as early as July 5, 1963, when she presented her written claim to defendant, and her attorneys are charged with knowledge of the law in California on the statute of limitations. (*Kunstman* v. *Mirizzi,* 234 Cal.App.2d 753, 757 [2], 758 [44 Cal.Rptr. 707].)

The judgment is affirmed.

Traynor, C. J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

