JAMES E. DENHAM, Plaintiff and Appellant, v. COUNTY
OF LOS ANGELES, Defendant and Respondent.

Acret & Perrochet, Acret, Perrochet & Rabinow and Robert W. Robinow for Plaintiff and Appellant.

Harold W. Kennedy and John D. Maharg, County Counsel, Lloyd S. Davis, Assistant County Counsel, and Richard C. Greenberg, Deputy County Counsel, for. Defendant and Respondent.

AISO, J. pro tem.*—This action arises from a contract entered into April 9, 1963, wherein plaintiff, James E. Denham, agreed to construct for the defendant, County of Los Angeles, a vivarium (animal housing and testing annex) at the Olive View Hospital for the sum of $170,486.

By his third amended complaint (setting forth six counts), plaintiff seeks to recover a total of $31,655.40, together with interest thereon, claiming an unwarranted deduction of $7,100 by the County as liquidated damages for late completion of the structure, $9,190.50, plus interest, for performance of extra work not covered by the contract, and $15,155.40, plus interest, for sundry damages alleged to have been caused to plaintiff by the County's default.

· ˙ To this third amended complaint, defendant County interposed general and special demurrers. The trial court sustained the demurrer upon the specific ground that the third amended complaint and each cause of action therein contained, was barred by section 945.6 of the Government Code[1] requiring suit to be commenced within six months after the claim is rejected by the board of supervisors or is deemed to have been rejected by that board.[2] Leave to amend was granted. Upon

---

*Assigned by the Chairman of the Judicial Council.

[1]All references to code sections are to Government Code sections unless otherwise specified.

[2]The minute order of February 9, 1966, reads in relevant part: "Demurrer sustained per Paragraph II thereof; 15 days to amend. The Court holds that the plaintiff's cause of action was barred by the provisions of Government Code Section 945.6 on January 2, 196[5], unless plaintiff can plead facts showing that the defendant is estopped to plead the bar of the statute of limitations as a defense." How the court found January 2, 1965, instead of December 31, 1964, which fell on a Thursday, as the date upon which the claim deemed filed November 16, 1964

plaintiff's failure to amend, a written order of dismissal was signed and filed. (Code Civ. Proc., §§ 581, subd. 3 and 581d.) Plaintiff appeals from said order which is deemed to be a judgment of dismissal.

During the course of construction, plaintiff was required by defendant to correct certain irregularities in the concrete ceiling which had resulted from the use of misfitting forms.[3] Plaintiff claims that this was extra work not covered by the contract and for which defendant by terms of the contract agreed to pay in addition to the contract price of $170,486. On February 10, 1964, plaintiff sent a letter to the board of supervisors requesting additional compensation for this work. The board of supervisors made an order on June 30, 1964, denying this request and plaintiff was notified of said action by letter dated July 3, 1964.

Among other things, the contract specified that construction be completed within 225 days from date of execution of contract, or on November 20, 1963; that time was of the essence; that the date for completion would be extended for delays caused by changes in the work or by any default, act or omission of defendant or by stress of weather; and that defendant could deduct the sum of $100 per day as "liquidated damages" from the amount due plaintiff under the contract for delays ascribable to plaintiff.

Construction was completed May 27, 1964, which was 188 days beyond the original completion date. Defendant allowed an extension of 118 days, 100 days for changes in work and other causes attributable to defendant and 18 days for delays caused by stress of weather. The work was accepted by defendant on September 8, 1964, at which time defendant assessed plaintiff $7,100 as and for liquidated damages. Defendant on October 1, 1964, made its final payment of $6,012.71 to plaintiff on the contract.

On November 16, 1964, plaintiff filed a formal claim (including therein the one covered by the previous letter of February 10, 1964) for additional compensation for finishing the ceilings, restoration of the liquidated damages which plaintiff claimed were improperly assessed, damages due to

---

(§ 915.2) became "barred" is not explained. Paragraph II of the demurrer reads: "That the Third Amended Complaint, and each cause of action contained therein is barred by the six months statute of limitations set forth in Section 945.6 of the Government Code."

[3]Matters characterized as facts in this opinion are done so under the rule that in testing the sufficiency of a demurrer "all material and issuable facts properly pleaded" are deemed admitted. (*Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 713 [63 Cal.Rptr. 724, 433 P.2d 732].)

delays caused by defendant, and other minor items. The board of supervisors by order made on January 12, 1965, denied this claim. Plaintiff was advised of this action by the board on January 14, 1965, by letter dated January 13, 1965, which was pleaded in *haec verba* by plaintiff's reference to and incorporation of Exhibit "D" attached to plaintiff's second amended complaint.[4] Plaintiff further alleged: "In sending the letter, defendant represented and intended to represent that defendant had denied the claim on January 12, 1965, and that the statute of limitations for filing suit on the claim should be computed from that date. Plaintiff relied on such representation and filed the suit within six months after January 12, 1965."

Plaintiff further alleged that on or about January 20, 1965, plaintiff asked defendant how to amend the formal claim so as to include some facts ascertained subsequent to the presentation of its formal claim in November 1964. A letter dated May 6, 1965, addressed to the board of supervisors, attention: Warren M. Dorn, which plaintiff claims to be an amendment of his claim but which defendant urges is a communication addressed to Supervisor Dorn only asking his assistance in "getting the Board of Supervisors to grant us a re-hearing" and not an amendment, was received by the board on May 11, 1965. The board reexamined plaintiff's entire claim as thus amended and denied it on May 27, 1965.

Plaintiff filed suit on July 9, 1965, which defendant contends was nine days too late under the provisions of section 945.6, reading in part relevant to this action, '. . . any suit brought against a public entity on a cause of action for which a claim is required to be presented . . . must be commenced within six months after the date the claim is acted upon by the board, or is deemed to have been rejected by the board . . .''

Section 912.4 provides: "(a) The board shall act on a claim . . . within 45 days after the claim has been presented. If a claim is amended, the board shall act on the amended

---

[4]This letter on the letterhead of the Board of Supervisors, County of Los Angeles, addressed to plaintiff's attorneys was dated January 13, 1965, and signed by Gordon T. Nesvig. The letterhead showed Nesvig to be clerk of the board. The subject was: "Claim of James E. Denham, $32,745.91 Vivarium (Animal Housing and Testing Annex) Olive View Hospital Specs. 2203—1961." The body of the letter read: "On advice of County Counsel, the Board of Supervisors adopted an order on January 12, 1965 denying the claim of James E. Denham, filed November 17, 1964, pertaining to a contract for the performance of certain construction work at Olive View Hospital."

claim within 45 days after the amended claim is presented. (b) The claimant and the board may extend the period within which the board is required to act on the claim by written agreement made: (1) Before the expiration of such period; or (2) After the expiration of such period if an action based on the claim has not been commenced and is not yet barred by the period of limitations provided in Section 945.6. (c) If the board fails or refuses to act on a claim within the time prescribed by this section, the claim shall be deemed to have been rejected by the board on the last day of the period within which the board was required to act upon the claim. If the period within which the board is required to act is extended by agreement pursuant to this section, whether made before or after the expiration of such period, the last day of the period within which the board is required to act shall be the last day of the period specified in such agreement.''

It is defendant's position that: The claim of November 16, 1964, is deemed to have been filed on that date. (§ 915.2.)[5] The 45-day period after the date of presentation was December 31, 1964, and since the board of supervisors had not acted on the claim up to that time, the claim is deemed to have been rejected on that date. (§ 912.4.) Six months following this deemed rejection expired on June 30, 1965, thus making the filing of the action on July 9, 1965, nine days too late. Defendant further contends that action of the board of supervisors on January 12, 1965, rejecting the claim was beyond the 45-day period prescribed for taking action and since there was no express written agreement extending time, the board was acting *ultra vires* and its actions were a nullity.

It is plaintiff's contention that the six-months' period should be calculated from the date of rejection by the board of supervisors on January 12, 1965, citing *Hochfelder* v. *County of Los Angeles* (1954) 126 Cal.App.2d 370 [272 P.2d 844] decided prior to the 1963 amendments to the Government Code sections providing for a uniform procedure for institut-

---

[5]Section 915.2: ''If a claim, amendment to a claim or application to a public entity for leave to present a late claim is presented or sent by mail under this chapter, or if any notice under this chapter is given by mail, the claim, amendment, application or notice . . . must be deposited in the United States post office, or mailbox, sub-post office, substation, or mail chute, or other like facility regularly maintained by the government of the United States, in a sealed envelope, properly addressed, with postage paid. *The claim, amendment,* application *or notice shall be deemed to have been presented and received at the time of the deposit.* Proof of mailing may be made in the manner prescribed by Section 1013a of the Code of Civil Procedure.'' (Italics added.)

ing actions against public entities. In any event, plaintiff urges as one ground for reversal that the letter of January 13, 1965, constitutes a basis for estoppel barring defendant from now insisting that the statute of limitations commenced running on December 31, 1964, instead of January 12, 1965. With this latter contention, we agree.

The factual situation in *Hochfelder* was similar to the situation here presented. Section 29714 of the Government Code as it then read provided "the claimant may treat the refusal or neglect as final action and rejection on the ninetieth day." The board of supervisors failed to act within the 90-day period and thereafter rejected the claim. Action was filed within six months from the date of rejection, but not within six months from the expiration of the 90-day period. Pointing out that the statute fixed no definite period within which the board had to act, the court held that the provisions of section 29714 were optional only and hence an action filed within six months from the date of rejection by the board of supervisors was timely filed.

One of the purposes for enacting section 912.4 was to fix a time limit within which the board must act. If that were the only change, then the general policy considerations of *Hochfelder* might no longer be viable. However, section 912.4 went further. As the Law Revision Commission Comments to that section point out, "Although this section provides that a claim is deemed to be rejected if the board does not act within 45 days, it expressly authorizes the claimant and the board to extend the 45-day period by agreement. In addition, new Section 913.2 authorizes reconsideration and settlement of claims within the period allowed for commencing an action." This affirmatively indicates a legislative intent not to make the 45-day period a jurisdictional limitation "adamant rather than flexible in nature" (*Fidelity & Deposit Co.* v. *Claude Fisher Co.* (1958) 161 Cal.App.2d 431, 437 [327 P.2d 78]), which was characteristic of the earlier statutes. (Cf. *Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77 [31 Cal.Rptr. 524].) The action of the board of supervisors on January 12, 1965, rejecting plaintiff's claim was not an *ultra vires* act in the sense that they did not have the power to act.

Procedural formalities might have been more literally observed if defendant had tendered plaintiff a written agreement for the board to pass on the claim after December 31,

1964. But was it necessary to go through this formality as long as the County was willing to reconsider the claim on its merits, as manifested by its causing the letter of January 13, 1965, to be dispatched? (Civ. Code, §§ 3532, 3528.) If it had been the intention of defendant to rely upon a rejection by operation of law, no such notice was required. Defendant could have stood pat without taking any action whatsoever and no estoppel would have arisen. (*Tubbs* v. *Southern Cal. Rapid Transit Dist.* (1967) 67 Cal.2d 671, 678-679 [63 Cal. Rptr. 377, 433 P.2d 169].)

Van Alstyne, (Cal. Gov. Tort Liability, § 8.43, at pp. 405-406), explains: ''If a claim is rejected by the entity, either in whole or in part, written notice of the board's action is required to be given to the claimant, provided an address is given in the claim to which the notice can be sent. Govt C § 913. . . .

''An alternative open to the entity is to take no action at all on the claim. This results in denial of the claim by operation of law on the last day allowed for its consideration. . . . The California Tort Claims Act does not require formal notice of this denial to be given. Counsel familiar with the law presumably already has notice that inaction within the allotted time limit constitutes rejection by operation of law.''

Instead, the defendant embarked upon a course of conduct entirely inconsistent with treating the claim as rejected by inaction and operation of law and thereby brought into play elements necessary to create on equitable estoppel. ▮ Our Supreme Court in *Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297 at p. 305 [61 Cal.Rptr. 661, 431 P.2d 245], specified the requisites for asserting an estoppel against a public entity: ''Generally speaking, four elements must be present in order to apply the doctrine of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.''

▮ Only the defendant knew whether in the application of section 945.6, it would assert reliance upon a rejection of the claim by inaction or a rejection by an affirmative consideration and denial. Plaintiff was not apprised of what the county's intention in this regard was until the demurrer was

interposed to the original complaint. Section 912.4 permits extension of the period within which the public entity can consider a claim by an agreement of the parties even after the lapse of the 45-day period. Section 913 requires a written notice by the public entity only where its board takes affirmative action on a claim. Section 913.2 provides: ''The board may, in its discretion, within the time prescribed by Section 945.6 for commencing an action on the claim, re-examine a previously rejected claim in order to consider a settlement of claim.'' In the context of the foregoing statutory provisions, mailing of the letter of January 13, 1965, to plaintiff's attorneys advising them that by order of January 12, 1965, the board had rejected plaintiff's claim ''filed November 17, 1964'' was conduct which plaintiff could reasonably interpret to be a manifestation of an intent to waive defendant's right to stand upon a rejection by operation of law and to rely upon its affirmative order of rejection of January 12, 1965, in its future dealings with plaintiff. (Cf. *Harvey* v. *City of Holtville* (1967) 252 Cal.App.2d 595, 597-598 [60 Cal. Rptr. 635].) Plaintiff reasonably relied upon defendant's course of conduct and it would be inequitable to permit defendant to urge now that it did not so intend.

As stated in *Industrial Indem. Co.* v. *Industrial Acc. Com.* (1953) 115 Cal.App.2d 684, 689-690 [252 P.2d 649]: ''The equitable doctrine of estoppel *in pais* is applicable in a proper case to prevent a fraudulent or inequitable resort to the statute of limitations. [Citations.] A person by his conduct may be estopped to rely on the statute. Where the delay in commencing an action is induced by the conduct of the defendant, it cannot be availed of by him as a defense. . . . Actual fraud in the technical sense, bad faith, or an intent to mislead, are not essential to create such an estoppel. It is sufficient that the debtor made misrepresentations or so conducted himself that he misled the creditor, who acted thereon in good faith to the extent that he failed to commence action within the statutory period.''

We, therefore, hold that the trial court erred in ruling that plaintiff's action filed on July 9, 1965, was barred by the provisions of section 945.6, because plaintiff had not pleaded adequate facts to invoke estoppel against the bar of the six months' statute of limitations.

The foregoing ruling upon the question of estoppel renders

it unnecessary to determine the precise legal character of plaintiff's letter of May 6, 1965.

The judgment (order of dismissal) is reversed.

Kaus, P. J., and Hufstedler, J., concurred.

A petition for a rehearing was denied April 3, 1968, and respondent's petition for a hearing by the Supreme Court was denied May 1, 1968.

[Crim. No. 13593. Second Dist., Div. Five. Mar. 8, 1968.]