[Civ. No. 31387.   Second Dist., Div. Four.   Apr. 19, 1968.]

VIOLET ROGERS, Plaintiff and Appellant, v. BOARD OF EDUCATION OF THE CITY OF LOS ANGELES et al., Defendants and Respondents.

Virgil V. Becker and John M. Burlake for Plaintiff and Appellant.

Veatch, Carlson, Dorsey & Quimby, Frederick C. Quimby, Jr., and Henry F. Walker for Defendants and Respondents.

JEFFERSON, J.—Plaintiff appeals from the judgment of dismissal entered in favor of defendants Board of Education of the City of Los Angeles and Los Angeles Unified School District of Los Angeles County, after a general demurrer to her complaint for personal injuries was sustained on the ground that the action was barred by the statute of limitations. We have concluded that the action is barred.

The complaint, filed on January 3, 1966, alleges that on April 19, 1965, an employee of defendants, while operating a vehicle owned by defendants within the course of his employment, negligently collided with another vehicle in which plaintiff was a passenger, injuring plaintiff. It is further alleged that, on May 13, 1965, plaintiff presented defendants with a claim for damages; that, on September 7, 1965, an amended claim was filed; that defendants have refused to approve or otherwise act on the claim.

Defendants' general demurrer, based on the ground that plaintiff's cause of action is barred by section 945.6, subdivision (a) of the Government Code because plaintiff failed to bring suit within the required six months after her claim was deemed rejected under section 912.4 of the Government Code, was sustained with leave to amend. Upon plaintiff's failure to amend within the time allowed, defendants' motion for an order dismissing the action as to them, was granted.

From the complaint, it appears that the accident occurred on April 19, 1965. Plaintiff's alleged cause of action arose on this date. On May 13, 1965, plaintiff presented a claim, which is the prerequisite to a suit for damages against a public entity. The claim was timely. "A claim relating to a cause of action for . . . injury to person . . . shall be presented . . . not later than the 100th day after the accrual of the cause of action." (Gov. Code, § 911.2.)

The governing body of a local public entity to whom a claim has been presented is allowed 45 days after the date of its presentment to act on it; if it fails or refuses to act within the prescribed 45-day period, "the claim shall be deemed to have been rejected" on the last day of that period.

(Gov. Code, § 912.4.) Under this section, plaintiff's claim was deemed rejected on June 28, 1965.

The applicable statute of limitations, Government Code, section 945.6, subdivision (a), requires that suit must be commenced within six months after the date a claim is acted upon or is deemed rejected. As indicated, plaintiff's claim was deemed rejected on June 28, 1965. The six months statute of limitations then ran on December 28, 1966. Plaintiffs suit was not filed until January 3, 1966.

▇▇▇ Plaintiff filed what was designated as an "amended claim" on September 7, 1965. Where an amended claim is filed, the 45-day period prescribed within which the public entity must act, begins on the date of its presentment. (Gov. Code, § 912.4.) However, the document filed by plaintiff was ineffective as an amended claim since it was not filed within the time prescribed for amending claims. "A claim may be amended at any time before the expiration of the period designated in section 911.2 [i.e. 100 days from the accrual of the cause of action] or before the final action thereon is taken by the board [i.e. here claim deemed rejected 45 days after its presentation], whichever is later, . . ." (Gov. Code, § 910.6, subd. (a).) Using this formula, plaintiff had until July 28, 1965, to file an amended claim. (This was the last day of the 100-day period following the accrual of her cause of action.) As indicated, she did not file the "amended claim" until September 7, 1965.

▇▇▇ Plaintiff contends that the demurrer of defendants was legally insufficient to raise the statute of limitations because it did not specifically plead this defense. The demurrer set forth that the complaint failed to state facts sufficient to constitute a cause of action against the demurring defendants. Attached to the demurrer was a memorandum of points and authorities and a declaration of defendants' counsel, both setting out the defense that the action was not filed within the required six-month period, and citing the applicable code sections. While it would have been better pleading practice for defendants to have indicated in the demurrer itself that the complaint failed to state a cause of action because it was barred by the statute of limitations, the accompanying points and authorities and declaration clearly informed plaintiff and the court of the basis for the pleading. That plaintiff was not misled or in any way prejudiced, is shown by the record. Her counsel appeared at the hearing on the demurrer and, on its merits, argued the question of the applicability of the statute

of limitations. At no point during the proceedings in the court below did plaintiff make any claim that the demurrer was insufficient in this respect.

■ The contention is made by plaintiff that, since the complaint fails to show that defendants have complied with Government Code, section 946.4 by filing the required information in the Roster of Public Agencies, under that section defendants were subject to suit without the necessity of presentation of a claim. The basis for the statute (and of its forerunner, section 945.5, which it replaced in 1965), is to provide the means for identifying public agencies and the names and addresses of their designated officers, to enable prospective claimants to comply with the applicable claims procedures. (*Tubbs* v. *Southern Cal. Rapid Transit Dist.*, 67 Cal.2d 671, 676 [63 Cal.Rptr. 377, 433 P.2d 169].) Where, as here, a claim was in fact duly presented with the proper public entity, the claimant is not in a position to question whether the public entity complied with section 946.4 (or former section 945.5), and thus circumvent the special six-months statute of limitations. (See *Tubbs* v. *Southern Cal. Rapid Transit Dist., supra,* at p. 676.)

Plaintiff contends that the court below erred in not permitting her leave to file an amended complaint (denominated by plaintiff as a ''revised proposed first amended complaint.'') The demurrer was sustained on January 28, 1966, with 45 days' leave to amend, which was extended by stipulation to April 13, 1966. Subsequently, on May 12, 1966, after defendants had (on May 4, 1966) noticed a motion for an order of dismissal, plaintiff asked for leave to file her proposed amended complaint. In denying plaintiff's request, the court concluded that no excusable neglect was shown for the failure to file the amended complaint, and further, that the proposed amended complaint failed to state facts, as plaintiff asserted, showing that defendants should be estopped to plead the statute of limitations.

■ Plaintiff maintains that the record shows the failure to file was due to excusable neglect on her attorney's part; that the proposed amended complaint would not be subject to demurrer on the ground of the statute of limitations because it alleged facts showing defendants continued to act on both the claim and amended claim up until December 1965, a month before suit was filed; that the proposed amended complaint indicated a written agreement existed extending the limitations period; finally, that it showed facts sufficient to

estop defendants from pleading the bar of the statute of limitations.

No showing was made of excusable neglect as would justify relief under Code of Civil Procedure, section 473. But this ground need not be relied upon to find support for the trial court's refusal to permit plaintiff to file the amended complaint.

Contrary to plaintiff's position, there is nothing in the proposed amended complaint to indicate that defendants ever "acted on" the claim filed. Government Code, section 912.4 provides that a local public entity may act on a claim only in the enumerated ways set out in Government Code, section 912.6. The "action" required under section 912.6 involves either rejecting or allowing the claim in whole or in part, or compromising it. Failing to take such action, the claim is deemed rejected 45 days after its presentment under section 912.4.

The proposed pleading merely indicates that defendants acknowledged presentation of the claim; that its insurance carrier thereafter began to investigate it, requesting information as to claimed medical bills and other expenses, and setting up the medical examination of plaintiff. Such conduct did not constitute action as required by section 912.6.

Nor does the record contain any support for plaintiff's assertion that there was a written agreement to extend the time for filing suit. Section 912.4 does contain the provision that the period during which a public entity may consider a claim may be extended by written agreement. However, by no stretch of the imagination, may any of the correspondence alluded to by plaintiff, which was carried on between plaintiff's counsel and defendants' agents, be said to contain an agreement extending the time within which defendants were required to act. (See *Tubbs* v. *Southern Cal. Rapid Transit Dist., supra,* 67 Cal.2d 671, 677-678.)

Finally, the proposed amended complaint fails to state any facts sufficient to raise an estoppel. In *Tubbs* v. *Southern Cal. Rapid Transit Dist., supra,* a similar issue was raised, upon nearly identical facts. The court in *Tubbs* pointed out that the complaint merely indicated that defendants, acting through their agents, had requested information from plaintiff and were purportedly evaluating her claim when the time to file expired. The court concluded: "The complaint fails to allege any misrepresentations or promises on the part of defendant to support the claim that plaintiff was induced to delay the

filing of her complaint in reliance thereon." As in *Tubbs,* here plaintiff, from the time she presented her claim on May 13, 1965, was represented by counsel. The claim itself directed that all notices and communications were to be sent to her attorney. Her attorney was charged with knowledge of the law on the statute of limitations. (*Tubbs* v. *Southern Cal. Rapid Transit Dist., supra,* at p. 691.)

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.