[Civ. No. 30697. First Dist., Div. One. Mar. 6, 1973.]

CARL A. POTSTADA, Plaintiff and Respondent, v.
CITY OF OAKLAND et al., Defendants and Appellants.

## COUNSEL

Edward A. Goggin, City Attorney, and William C. Sharp, Deputy City Attorney, for Defendants and Appellants.

Robert Cramer for Plaintiff and Respondent.

## OPINION

**MOLINARI, P. J.**—This is an appeal by defendants City of Oakland (hereinafter referred to as "the City") and Robert McCurdy from a judgment in favor of plaintiff in an action for damages for personal injuries and property damage arising out of a collision occurring on October 15, 1966, between the City's police car, driven by McCurdy, and plaintiff's automobile. The only issue presented to the trial court was whether plaintiff's action was barred by the statute of limitations.[1]

In December 1966, plaintiff, an attorney at law, had a conversation with A. G. Jackson, a claims investigator for the City, wherein they mutually evaluated the damage to the automobile at $4,500. On December 16, 1966, plaintiff made his first settlement demand in the sum of $14,500, inclusive of the automobile damage. On December 23, 1966, Jackson offered to settle for the sum of $8,000. A written claim for damages in the sum of $20,000 was filed by plaintiff with the City on January 16, 1967, and on February 10, 1967, plaintiff wrote to Jackson itemizing his damages. On March 2, 1967, Jackson made an oral offer to settle the claim for $9,000. A counteroffer to settle for $11,500 was made by plaintiff to Jackson in a letter dated June 22, 1967. Whether there was an answer to this last communication is in dispute. Plaintiff testified that on June 27, 1967, he received a telephone call from Jackson raising the City's offer to $9,500. This conversation was denied by Jackson. On September 20, 1967, plaintiff wrote to Jackson agreeing to settle for $9,500.[2] Jackson replied by telephoning plaintiff's office and leaving a message that the statute of limitations "applied up until September second." The complaint in the instant action was filed on October 10, 1967.

At the trial it was stipulated that Jackson was a claims investigator employed by the City working out of the city attorney's office; that he was acting as an agent for the city attorney and the city council; that he was empowered to settle and negotiate plaintiff's claim with the approval of

---

[1] It was stipulated that McCurdy was negligent; that his negligence was the proximate cause of the accident; that plaintiff was not contributorially negligent; that a valid written claim was filed pursuant to law on January 16, 1967; and that if plaintiff's cause of action was not barred, plaintiff's damages should be in the sum of $9,250.

[2] This letter read as follows:

"Concerning the above matter in which I was involved, I have discussed the matter with my wife and she has agreed with me to take the sum of $9,500. Hence, if you would forward the releases and a draft along with them we can dispose of the matter. Thank you for your courtesy and cooperation.

"Very truly yours, . . ."

the city attorney; and that if Jackson made an offer to settle for any figure he had previous authority to settle for that figure.

Jackson testified that when he made the offer of $9,000 on March 2, 1967, it was on a "take-it-or-leave-it basis," and that he had the prior authority of the city attorney to settle for this amount. Jackson also testified that the city council as a body never took plaintiff's claim under consideration and that it had no official knowledge of the claim.

Plaintiff testified that after he had filed his claim he decided to amend it; that he so advised Jackson, and that Jackson told him that he did not have to refile the claim but to merely send him a letter to that effect; and that his letter of February 10 was for this purpose.

The trial court found that plaintiff's claim was timely filed; that the claim was allowed on March 2, 1967, for $9,000 and rejected as to any amount over $9,000; that the City did not give plaintiff written notice of partial rejection as required by Government Code section 913[3]; that before March 2, 1967, plaintiff and the City had agreed that plaintiff's property damage would be settled for $4,500, a sum included as part of the $9,000 figure mentioned on March 2, 1967; that plaintiff's letters of February 10, 1967 and June 22, 1967, constituted amendments of his original claim to the reduced amounts therein mentioned; that following plaintiff's letter of June 22, 1967, the City offered to pay plaintiff $9,500 in settlement of his claim; that this offer had no time limit for acceptance and was accepted on September 20, 1967; that plaintiff relied on the offer of $9,500, the conduct of Jackson, and the failure of the City to give a written notice of partial rejection, and that such reliance by plaintiff was justified.

Based upon the foregoing findings, the court concluded that the City did not give plaintiff written notice of partial rejection as required by section 913; that the City's conduct estopped it from raising the statute of limitations as a defense; and that plaintiff is not barred by the statute of limitations from recovering the sum of $9,250.

Adverting to the issue presented, we first observe that a claim must be acted upon by the governing body of a local public entity within 45 days after the claim has been presented. (§§ 912.4; 900.2.) We also note that a claim may be amended at any time not later than the 100th day after the accrual of the cause of action or before final action is taken

---

[3]Unless otherwise indicated, all statutory references are to the Government Code.

by the governing body on the claim, whichever is later, and that the amendment is a part of the original claim for all purposes. (§§ 910.6; 911.2.) If a claim is amended the governing body is required to act on the amended claim within 45 days after the amended claim is presented. (§ 912.4.)

If the governing body "fails or refuses" to act on a claim within the 45-day period provided for in section 912.4, the claim is deemed rejected by the governing body on the last day of the period within which the governing body is required to act upon the claim unless the time is extended by a written agreement as provided in section 912.4. (See § 912.4.)

In the present case the instant claim was never brought before the City's governing board, i.e., the city council, nor has that body ever acted on the claim. A governing body acts upon a claim in one of the following ways: (1) Complete rejection where it finds the claim not to be a proper charge; (2) allowance in full where the claim is a proper charge and for an amount justly due; (3) complete rejection, or allowance in part and rejection of the balance, where the claim is a proper charge but is for an amount greater than it deems to be justly due; and (4) reject or compromise the claim if legal liability or the amount justly due is disputed. (§ 912.6.) In addition to these provisions, a claim is deemed to have been rejected by operation of law when the city council refuses or fails to act within the 45-day period provided for in section 912.4. (§ 912.4; *Rogers* v. *Board of Education,* 261 Cal.App.2d 355, 360 [67 Cal.Rptr. 905]; *Isaacson* v. *City of Oakland,* 263 Cal.App.2d 414, 419-420 [69 Cal.Rptr. 379].)

The record in the instant case clearly indicates that Jackson, as the City's representative, was attempting to negotiate a settlement under the direction of the city attorney. The original claim was presented on January 16, 1967. The 45-day period within which the city council could act on this claim would have expired on March 2, 1967, in the absence of an agreement or amendment of the claim. No contention is made that the time was extended by written agreement. The trial court found that the claim was amended on February 10, 1967, when plaintiff reduced his claim by letter to $14,500. There is substantial evidence to support this finding in the evidence that Jackson, as the City's representative, acceded to this procedure. This amendment had the effect of extending the period within which the city council could act for a period of 45 days from February 10, 1967, i.e., March 27, 1967.

The city council did not act on plaintiff's claim prior to March 27, 1967. Accordingly, the claim stood rejected by operation of law on

March 27, 1967. We observe here that the trial court found that plaintiff's letter of June 22, 1967, reducing his demand to $11,500, constituted an amendment of the claim. Such an amendment was not permissible pursuant to the provisions of sections 910.6 and 912.4 because the time within which the claim could be amended expired on March 27, 1967.

At times pertinent to this case section 913 provided that written notice be given to the person presenting the claim of "any action taken . . . rejecting a claim in whole or in part . . . ." The failure to give the required notice had the effect of tolling the statute of limitations. (See § 945.6.) [1] However, under section 913, as it then provided, no notice was required to be given where inaction occurred.[5] (*Denham* v. *County of Los Angeles*, 259 Cal.App.2d 860, 867 [66 Cal.Rptr. 922]; see *Kane* v. *County of San Diego*, 2 Cal.App.3d 550, 554 [83 Cal.Rptr. 19].) In the present case no written notice was ever given to plaintiff that his claim was rejected. As already pointed out, the claim stood rejected by operation of law by reason of nonaction.

The trial court's finding that Jackson's offer to settle for $9,000 on March 2 constituted "action" or partial rejection of plaintiff's claim is without basis in the record in view of the fact that the city council had never met to consider and act upon the claim. Jackson's said offer was nothing more than a continuance of the negotiations between him and plaintiff. (See *Isaacson* v. *City of Oakland, supra,* 263 Cal.App.2d 414, 420-421.) Moreover, as of March 2 the claim had not been rejected by operation of law since that contingency would not occur until March 27, 1967. In *Isaacson* we held that it was not the intent of the Legislature to toll the statute of limitations merely because negotiations to settle a claim continue. (263 Cal.App.2d at p. 421.)

The statutes applicable to the present case require the conclusion that plaintiff's claim was rejected by operation of law on March 27, 1967. and that pursuant to the provisions of section 945.6 plaintiff was required to file the instant action within six months from said date, i.e., on or before September 27, 1967. The action was filed on October 10, 1967, and, therefore, was not timely filed unless the City is estopped from asserting the bar of the statute of limitations.

[1] In 1970 and 1971 section 945.6 was amended to provide, respectively, for a one-year and a two-year statute of limitation where the required notice is not given.

[5] Effective January 1, 1971, section 913 was amended to require that written notice be given of the action taken or the inaction which is deemed to be a rejection under section 912.4.

In order to assert equitable estoppel four elements must be present: "(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury. [Citations.]" (*Driscoll* v. *City of Los Angeles*, 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245].)

As observed in *Driscoll*, "The existence of an estoppel is generally a question of fact for the trial court whose determination is conclusive on appeal unless the opposite conclusion is the only one that can be reasonably drawn from the evidence. [Citation.] When the evidence is not in conflict and is susceptible of only one reasonable inference, the existence of an estoppel is a question of law. [Citation.]" (67 Cal.2d at p. 305.)

The trial court concluded that the Ctiy's conduct precluded the City and McCurdy from raising the statute of limitations as a defense. This conclusion was predicated on the finding that plaintiff was justified in relying on Jackson's offer of $9,500 made on June 22, 1967, Jackson's conduct, and the failure of the City to give written notice of partial rejection. As already observed, there was no duty on the part of the City to give notice of rejection where such rejection occurs as a result of inaction.

■ Upon a review of the record we have concluded that there is substantial evidence from which the trial court could determine that the City embarked upon a course of conduct that brought into play the elements necessary to create an equitable estoppel. We first observe that it was the City's duty to apprise the city council that plaintiff's claim had been presented in order to permit the council to act upon the claim. Only the City and its agent, Jackson, knew that the claim was never presented to the council for action. Instead of presenting the claim to the council the City chose to attempt to negotiate a settlement prior to having the council act upon it. In *Kane*, it was noted that the 45-day period provided for in section 912.4 is not jurisdictional and that a board may act on a claim even after it has been rejected by operation of law. (2 Cal.App.3d at p. 554.) In this connection we note, further, that pursuant to the provisions of section 913.2 a city council may, in its discretion, within the time presented by section 945.6 for commencing an action on the claim, reexamine a previously rejected claim in order to consider a settlement of the claim.

In *Isaacson*, we pointed out that "negotiation" is not equated with "compromise." (263 Cal.App.2d at p. 420.) As already indicated, the city

council could *act* on a claim where the amount justly due was disputed by compromising the claim. Accordingly, had the claim been presented to the city council that body could have authorized Jackson to compromise it. But this was never done. However, in view of the manner in which the City chose to handle the matter, plaintiff could have justifiably concluded that the city council had authorized Jackson to compromise the claim. Upon such justifiable assumption plaintiff could conclude that he would receive written notice of rejection under section 913 of any final offer of settlement.

. We observe, further, that even if it can be said that plaintiff, as a lawyer, would know that a claim would be rejected by operation of law after 45 days of inaction, it is reasonable to assume that he was also aware of section 913.2 which permits the reconsideration of a claim even after it has been rejected, whether by notice of formal rejection or by operation of law. Here, notwithstanding a conflict in the evidence, the trial court believed upon substantial evidence that Jackson made an offer on June 27, 1967, to settle for $9,500 following plaintiff's offer of June 22, 1967, to settle for $11,500. These compromise efforts were made within the six-month period following the rejection by operation of law on March 27, 1967, and were permissible under the provisions of section 913.2. Accordingly, plaintiff would be justified in relying upon Jackson's conduct as indicative that the city council was reexamining his claim, notwithstanding any previous rejection.

In sum, plaintiff reasonably relied upon the City's course of conduct, and it would therefore be inequitable to permit defendants to urge now that the City intended to stand upon a rejection by operation of law.

The judgment is affirmed.

Elkington, J., and Weinberger, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.