[Civ. No. 16011.   First Dist., Div. Two.   Oct. 25, 1954.]

GEORGE IMPERIALE et al., as Executors, etc., Plaintiffs and Appellants, v. CITY AND COUNTY OF SAN FRANCISCO, Defendant and Appellant.

Allen Spivock for Plaintiffs and Appellants.

Dion R. Holm, City Attorney, Thomas M. O'Connor, Public Utilities Counsel, and Louis T. Kruger, Deputy City Attorney, for Defendant and Appellant.

KAUFMAN, J.—This is an appeal by the city and county of San Francisco from a judgment in the sum of $5,000 in favor of respondent Stephen Bertone. There is also an appeal by Bertone from the portion of the judgment disallowing interest.

The complaint, filed March 28, 1949, alleged that Bertone was owner of three apartment buildings in the city and county of San Francisco, and that shortly before March 5, 1946, the water department of said city informed Bertone that the water meters on the three buildings had not been functioning properly for the past six or seven years, so that water had been supplied in excess of the amounts registered. The water department also informed him that the meters were not working properly because they had been tampered with. On March 5, 1946, the water department submitted bills to Bertone claiming a total of $5,258.40 for water supplied to the three buildings in excess of that registered for the years 1939 to 1945 inclusive. Plaintiff at all times objected to these claims, denied the meters had been functioning improperly during said periods and refused to pay the excess charges.

It was further alleged that on March 21, 1946, the water department gave written notice to plaintiff that unless he paid the above sums within three days from date the water service at the three apartment buildings would be discontinued. To avoid such a result he was forced to deposit $5,000 cash in a "Trust Fund" with said department and received a "Receipt" which was attached as an exhibit and incorporated in the complaint.

On May 23, 1946, revised bills were submitted to plaintiff demanding a total of $3,980.67 for excess water supplied, and the water department offered to return to plaintiff the sum of $1,019.33 in full settlement. Plaintiff rejected this offer of settlement.

The agreement pertaining to the "Trust Fund" was as follows:

"Received from S. Bertone, . . . the sum of $5,000.00 to be deposited by the Water Department in a Trust Fund as a deposit to guarantee payment of unpaid charges for water delivered at the under-noted premises for the accounts of said S. Bertone, during the periods indicated.

2459 Larkin Street
For years 1940 to 1945 inclusive
626 Pine Street
For years 1939 to 1945 inclusive
665 Pine Street
For years 1939 to 1945 inclusive

Said unpaid charges are for water claimed by the Water Department to have been delivered by it to the several premises, during the periods indicated, in excess of the

amounts registered by the several meters installed at the respective premises.

"The Department having rendered bills for the excess deliveries claimed to have been made by it in the amount of $5258.40 and the said consumer S. Bertone having protested the accuracy of the estimates on which said claims of the Department were based;

"It is mutually understood and agreed that said claims will be further reviewed, and that when the amount of such excess deliveries, if any, have been finally determined in the light of all factors involved, by agreement, negotiation or court action, the charges for such excess delivery as so determined shall be deducted from the deposit, any balance remaining after such deduction to be refunded to the depositor. Should the deposit not be sufficient to meet the full amount of the bill for the unpaid excess deliveries the depositor agrees to pay to the department the balance of such unpaid claims.

"San Francisco Water Department

Joseph Conway
Manager, Water Sales Division

"I hereby accept the conditions outlined in this receipt
S. Bertone."

The complaint alleged that up to the present date the dispute had not been finally determined by agreement, negotiation or court action. It was also alleged that plaintiff had filed a claim prior to filing the action, with the controller, board of supervisors and public utilities commission of the city and county demanding a return of the $5,000.

Plaintiff's second cause of action alleged that the city and county had become indebted to plaintiff in the sum of $5,000 upon a written instrument dated April 4, 1946, for money had and received by said defendants in a "Trust Fund" for the use and benefit of plaintiff.

In a prior trial of this action judgment was in favor of the city and county of San Francisco in the sum of $3,980.67. On appeal this court reversed the judgment (*Bertone* v. *City & County of San Francisco*, 111 Cal.App.2d 579 [245 P.2d 29]). No new evidence was introduced at the second trial and judgment was entered in favor of Bertone and against the city and county in the sum of $5,000 without interest.

Appellant city and county reviews the evidence and contends that it amply demonstrates that Bertone owed the sum

of $3,980.67 for water consumed during the years 1939-1945 in excess of that registered. Appellant says that the decision of this court in the prior action was simply a holding that the findings made did not support the judgment, and that under the evidence there could not be a finding that the agreement had been complied with in that the claims had not been determined by "agreement" or "negotiation." Appellant maintains that there is nothing in the opinion that this action and the judgment in the first trial cannot be considered a "court action" for the final determination of the claim.

The trial court after the second trial found that the decision of the District Court of Appeal referred to above had established the law of the case, and in accordance with said law of the case made the following findings:

"1. That said sum of $5,000.00, referred to in plaintiff's complaint herein, was deposited by said plaintiff with said defendant City and County of San Francisco in and as a trust fund under the written agreement between said parties dated April 4, 1946.

"2. That the dispute between said parties as set forth in said agreement of April 4, 1946 has not been determined 'by agreement, negotiation or court action'; that no court action with reference to the same has been filed by said defendant, City and County of San Francisco.

"3. That on or about October 22, 1946 said defendant City and County of San Francisco took the sum of $3,980.67 out of said trust fund, without plaintiff's consent, and deposited same in the funds of its Water Department."

Appellant contends that this court held only that the dispute had not been settled by "agreement" or "negotiation" in accordance with the terms of the writing, and that the present action can be considered as "the court action." However, the court in that case continued as follows: "There was then clearly an impasse, and apparently nothing was left but court action. Instead of resorting to that, as the writing expressly provided, respondents took the matter into their own hands and transferred the money to their general funds. This was a clear departure from the terms of the agreement and an appropriation of appellant's $5,000. Granting that a deadlock had been reached as far as negotiation and agreement were concerned, the writing still called for court action. Had respondents sued, the burden would have been theirs to prove a stale claim dating back six or seven years, with no rule of the department providing for or justifying any such unusual and belated action, and with the statute of limita-

tions confronting them as well. Although this outlook might not have appeared attractive to the department, appellant still had the right to invoke court action. But respondents by their unilateral action had destroyed the trust fund and absorbed it as their own. Appellant was left with no alternative but an action for the misappropriation.'' This is certainly a clear holding that the dispute had not been settled by ''agreement,'' ''negotiation'' or ''court action'' prior to the misappropriation. The city cut off Bertone's right to and opportunity for ''court action'' to arrive at a determination of the amount due, if any.

Appellant argues that its claims were not stale in any event, as it was a claim on an open book account and since the last entry is within the period of the statute of limitations, the whole account is not barred. However, respondent had paid the bills for the years here involved for which he was regularly billed. The claim for which the city demanded the deposit was for an excess amount for which his account had not been charged, the amount of which was in dispute, and which the city expected to determine by tests and estimates. However, this argument is irrelevant in view of the law of the case established by our prior decision.

Appellant Bertone has filed an appeal from the portion of the judgment denying interest to the date of judgment. He asked interest from April 4, 1946, the date of the written agreement. The court found that the $5,000 was deposited by Bertone in a trust fund under the written agreement between the parties dated April 4, 1946, and that on October 22, 1946, without plaintiff's consent, $3,980.67 of the trust fund was deposited in the funds of the water department. Appellant argues that there was a conversion by the city, and that therefore this must be regarded as a tort action. If so, it is clear that the wrong was committed on October 22, 1946, and not on April 4, 1946, the date from which appellant seeks interest. It is true that there was a certain amount of duress involved in arriving at the agreement, since the water in Bertone's apartment buildings would have been shut off if he had not made some arrangement satisfactory to the city. But appellant has not attacked the validity of the agreement, in fact his whole case is built on the thesis that the city was bound to act in accordance with the terms thereof, and in failing to do so violated the terms of the trust. It is upon this theory that he contends that the former decision of this court has established the law of the case requiring the court on the second

trial to hold as it did, in his favor. He cannot now contend that the city committed a tort on April 4, 1946, in extorting the $5,000 from him. The trial court could not be in error, therefore, in refusing to award interest from the date of the agreement to the date of judgment.

Appellant earnestly contends that the general trend of cases in California refusing interest against a city before judgment in contract cases should not necessarily govern where a city commits a tort, such as the conversion of money, and that a city should not be exempt from the provisions of Civil Code, section 3336, which allows interest from the time of conversion of personal property as part of the detriment or damages.

It is urged that the general rule as stated in 24 American Law Reports 2d 953 should be adopted in this type of case in California: "that if a municipality wrongfully receives, holds, diverts, or disposes of or wrongfully fails to collect money or property which belongs either to other governmental units or to individuals or private claimants, it becomes liable for interest for the period covered by the wrong, although there is no agreement to pay it, and no statute applicable in terms to a municipal corporation provides for it, and this rule prevails where interest may be recovered at all, both in the absence of statute, and under statutes not referring specifically to municipal corporations, which recognize the obligation and fix the rate of interest in cases of wrongful withholding or similar conduct with respect to money or property."

The only reported case appellant has found which he says is parallel on the facts is *Chicago* v. *North Western Mut. Life Ins. Co.* (1905), 218 Ill. 40 [75 N.E. 803, 1 L.R.A.N.S. 770] in which interest was allowed up to the time of judgment on money paid on back water rates. However, in that case, the city attempted to collect from the new owner for his predecessor's water bills, and no written agreement was involved covering any part of the time during which the money was withheld. The case did hold, however, that where the municipality wrongfully exacted money without just right or claim interest could be awarded although under the "general rule a municipal corporation is not liable for interest unless so required by special contract or statute." Factually this case is not here in point.

It is well established in this state that interest cannot be awarded in contract cases against a municipality before judgment. (*McGuire & Hester* v. *City of San Francisco,*

113 Cal.App.2d 186 [247 P.2d 934]; *Los Angeles Dredging Co.* v. *City of Long Beach,* 210 Cal. 348 [291 P. 839, 71 A.L.R. 161]; *Engebretson* v. *City of San Diego,* 185 Cal. 475 [197 P. 651].) This case is an action sounding in contract and not in tort.

In *Department of Water & Power of City of Los Angeles* v. *Okonite-Callender Cable Co.,* 181 F.2d 375, the court in discussing the basis of the rule denying interest, cited the Engebretson case, *supra,* and noted that it had held that in order to recover interest against a municipality there must be a statutory provision authorizing it. The court noted that Civil Code, section 3287, in effect when the Engebretson case was decided, provided generally that every person entitled to recover damages certain, or capable of being made certain by calculation, is entitled to recover interest, but the California court in that case held that similar code sections providing generally for interest do not apply to the state or any of its subdivisions. It was further noted that in view of the length of time the California decisions have stood with no legislative modification is was believed that the California courts "would not now undertake to qualify the generality of the language with which they have pronounced such interest not recoverable."

Appellant emphasizes that the city was acting in its proprietary capacity and is clearly liable for all tort damages.

He points out that there is a recent tendancy of our courts to extend proprietary liability (*Guidi* v. *State of Calif.,* 41 Cal.2d 623 [262 P.2d 3]), and that the interest asked is part of the damages.

No distinction has been made between the proprietary and governmental capacity in the cases holding that interest is not recoverable in the contract cases in the absence of statutory provision, and that section 3287, Civil Code, was inapplicable to the state or its subdivisions (*Engebretson* v. *City of San Diego,* 185 Cal. 475, *supra*). Therefore, it is consistent to hold that in the absence of special statutory provision section 3336, Civil Code, does not allow interest against municipalities even in tort cases. Although the majority rule in this country may be to the contrary, we feel that as far as this state is concerned, any change must come through legislation.

However, as previously stated this was not a tort action but one on contract and it is clear under the law that interest is only allowable after judgment.

In view of the foregoing, the judgment must be and is hereby affirmed.

Nourse, P. J., and Dooling, J., concurred.

Plaintiffs and appellants' petition for a hearing by the Supreme Court was denied December 22, 1954. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.