[Civ. No. 9158. Fourth Dist., Div. One. Dec. 11, 1969.]

JOHN L. KANE, Plaintiff and Respondent, v.
COUNTY OF SAN DIEGO, Defendant and Appellant.

## COUNSEL

Bertram McLees, Jr., County Counsel, McInnis, Focht & Fitzgerald, McInnis, Fitzgerald & Wilkey, McInnis, Fitzgerald, Rees & Sharkey and Laurence L. Pillsbury for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Plaintiff sued San Diego County in negligence and conversion for destroying his interest in 28 greyhounds at the county's Vista Animal Shelter October 29, 1963. Plaintiff's appraiser testified the dogs' value was $8,750. The county's appraiser's minimum value was $2,960. The judgment, following jury trial, favored plaintiff in the sum of $3,365 with interest at 7 percent from October 29, 1963, to date of judgment August 30, 1967.

We will, as required, assume the existence of every fact in support of the judgment, on either or both causes of action, that can reasonably be deduced from the evidence (*People* v. *Bard,* 70 Cal.2d 3, 4 [73 Cal.Rptr. 547, 447 P.2d 939]).

Plaintiff leased 28 greyhound dogs to Ruby Lilley of Ramona, California, October 19, 1963. Nine days later, October 28, Mrs. Lilley mailed a letter to Mr. Kane in Colorado, stating they were taking the dogs to the Vista Animal Shelter October 29, and the shelter would hold them three days. Mr. Kane received the letter October 30. On October 29, 1963, Ruby's husband, Benjamin, delivered the dogs to the shelter, telling the attendant he did not own the dogs but had had their possession, and asked the shelter to take the dogs. The shelter destroyed all the dogs that same day.

█ The defendant unmeritoriously contends it could destroy the dogs immediately; it need delay destruction only where a dog's owner is unknown. California state law controls the situation. Agricultural Code section 439.26, in effect October 29, 1963 (now Agr. Code, §§ 31107, 31108) required the county to wait 72 hours; if the owner is known he must be given notice. The court properly instructed the jury on the 72-hour hold requirement.

█ Under the cause of action for conversion plaintiff was entitled to interest from the date of the dogs' destruction, October 29, 1963 (Civ. Code, § 3336; *Crofoot Lbr., Inc.* v. *Ford,* 191 Cal.App.2d 238, 248 [12

Cal.Rptr. 639]; *Murphy* v. *Wilson,* 153 Cal.App.2d 132, 136 [314 P.2d 507]).

■ Defendant, as a subdivision of the state, claims immunity from an award of prejudgment interest, citing *Abbott* v. *City of Los Angeles,* 50 Cal.2d 438, 466-468 [326 P.2d 484] and *Imperiale* v. *City & County of San Francisco,* 128 Cal.App.2d 277, 282-283 [275 P.2d 569]. These cases deal with liability for interest *in addition to* damages where damages are liquidated and a plaintiff's right to them vests before trial (Civ. Code, § 3287); they hold such interest may not be recovered from a public entity unless recovery is specifically authorized by statute. Civil Code section 3336, however, does not provide for tacking on of interest to an award of damages as does section 3287. Section 3336 reads in part: "The detriment caused by the wrongful conversion of personal property is presumed to be: "First—The value of the property at the time of the conversion, with the interest from that time, or, an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act complained of and which a proper degree of prudence on his part would not have averted; . . ."

The section states a presumption for determining the plaintiff's detriment to be compensated. The provision for value of property plus interest is an alternative to an award for the actual amount of loss proximately resulting from a conversion. Because the defendant county is liable for the amount of damages reasonably required to compensate plaintiff for his detriment, it is not immune from paying "interest" which is a presumptive measure of plaintiff's actual detriment. A contrary implication in *Imperiale* v. *City & County of San Francisco, supra,* 128 Cal.App.2d 277, 283, is dictum.

■ Plaintiff was not, under costs, entitled to his $150 expense in coming to California for his deposition since, among other reasons, the deposition was taken by stipulation of the parties.

Without citing authority, defendant claims the court erred in its instruction defining conversion. No error appears.

Contrary to defendant's contention the court instructed the jury plaintiff owned all the dogs and should be allowed full value damages for them, the court in fact instructed the jury if they found for the plaintiff they should award plaintiff the fair market value of his interest in the dogs on October 29, 1963. This would include his leasehold interest of a few of the dogs.

■ The defendant's motion for nonsuit was properly denied, there being evidence the county violated Agricultural Code section 439.26.

The court's discretionary denial of defendant's motion during trial to

amend its answer to allege contributory negligence was no abuse nor error.

■ The statute of limitations did not bar plaintiff's claim, and was so held in a special hearing by the superior court in advance of trial. Plaintiff's claim was mailed to the county November 12, 1963, received and filed by the county November 15, 1963, and referred to county counsel November 26, 1963, with notice to plaintiff. On January 21, 1964, the board of supervisors rejected the claim, and so notified plaintiff January 24, 1964. On July 20, 1964 plaintiff filed suit against the county. Defendant contends the board of supervisors had 45 days from November 12, 1963, the time the claim was mailed to the county, in which to act on the claim; the board's nonaction within 45 days automatically rejected the claim at the end of 45 days, which in this case was December 27, 1963; the plaintiff had six months from December 27, 1963 to file suit, the last day of which was June 27, 1964; and, therefore, the suit filed July 20, 1964 was 23 days late and was barred by the statute of limitations.

However, the suit was filed within six months after January 21, 1964, when the board of supervisors rejected the claim.

The 45 days period was not jurisdictional: the board of supervisors' rejection of plaintiff's claim January 21, 1964, was not an ultra vires act; the board had power to act that day. We hold the statute of limitations began to run January 21, 1964, and suit was timely filed (*Denham* v. *County of Los Angeles,* 259 Cal.App.2d 860 [66 Cal.Rptr. 922]).

The judgment is modified by deleting the $150 cost item, and as modified is affirmed. Appellant to bear costs on appeal.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied January 5, 1970, and appellant's petition for a hearing by the Supreme Court was denied February 5, 1970.