Filed 7/23/25  Cravotta v. State of Cal. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ANTHONY CRAVOTTA II, | C100643 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2022-00329028-CU-PO-GDS) |
| v. | |
| STATE OF CALIFORNIA et al., | |
| Defendants and Respondents. | |

Timely claim presentation under the Government Claims Act is a condition precedent to a plaintiff's maintaining an action against a public entity.  (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 209 (*Shirk*); Gov. Code, §§ 810 et seq.; 945.4 [statutory section citations that follow are to the Government Code].)  "Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action."  (*Shirk*, at p. 209.)

1

Plaintiff Anthony Cravotta II, through his guardian ad litem and counsel, presented a claim to defendants State of California and the California Department of State Hospitals (collectively, the Department) to recover for severe injuries he incurred while he was an inmate in a county jail waiting to be transferred to a Department state hospital for treatment and to gain competency to stand trial. Approximately 85 days after plaintiff presented his claim, the Department informed plaintiff that it had determined the claim was filed untimely. But the Department also determined that the claim included an application for leave to present a late claim, and it told plaintiff it would review the application. Before receiving any response from the Department and without filing a petition with the superior court for relief from the claim filing requirement, plaintiff filed this action.

The trial court sustained the Department's demurrer to the second amended complaint without leave to amend and dismissed the action. It ruled that plaintiff violated the Government Claims Act by not timely filing a petition with the superior court for relief from the claim filing requirement, a statutory requirement for challenging a public entity's denial of an application to file a late claim. (§ 946.6, subd. (a).)

Plaintiff appeals from the judgment of dismissal. He contends (1) he presented a timely claim and not an application to present a late claim, and the trial court erred by determining on demurrer the discovery rule did not delay accrual of his action; (2) the Department waived its timeliness defense by not providing him with the notice required by section 911.3; and (3) his claim was timely under the doctrine of equitable tolling.

We reverse. We conclude that plaintiff's claim was deemed denied as a matter of law, and he could file this action without first petitioning the superior court for relief. We will also direct the trial court to grant plaintiff leave to amend the complaint with specific factual allegations showing the time and manner of his discovering his cause of action and his inability to have made discovery earlier despite reasonable diligence.

2

## FACTS AND HISTORY OF THE PROCEEDINGS

"Because this case comes before us on appeal from a judgment sustaining a demurrer, we assume the truth of the facts alleged in the complaint and the reasonable inferences that may be drawn from those facts." (*Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 883.)

More than 20 years ago, plaintiff was diagnosed with mental illness, including depression and bi-polar disorders. He has been on and off medications and in and out of mental health facilities for the majority of his life, including being committed under Welfare and Institutions Code section 5150 on several occasions. His illness limits his ability to care for himself, think, communicate, process information, and control and express his thoughts and emotions.

On November 11, 2020, plaintiff was arrested and charged with possession of child pornography in violation of Penal Code section 311.11, subdivision (a). He was booked into the Sacramento County Main Jail. Jail staff designated him to be housed in the jail's psychiatric services unit. A clinical assessment concluded that plaintiff had a history of schizoaffective disorder. He presented with disorganized thought and speech characterized by nonsensical, disconnected statements. He was " 'clearly psychotic' " and " 'gravely disabled.' "

On December 10, 2020, plaintiff was reclassified and discharged from the psychiatric services unit. He was placed in the jail's general population with a recommendation for outpatient psychiatric housing. He continued to exhibit psychotic behavior while in the general population.

The criminal court on February 22, 2021, determined that plaintiff was incompetent to stand trial. The court suspended the proceedings and referred plaintiff to the Department's Conditional Release Program (CONREP). On April 5, 2021, the court

3

reviewed the CONREP report, and it ordered plaintiff be placed at a Department state hospital pending restoration of his competency.

Despite the criminal court's order, the Department did not transfer plaintiff and admit him to a state hospital. Plaintiff remained in the jail's general population where he continued to exhibit psychotic behavior. In August 2021, the jail reclassified plaintiff to a lower security level of " 'Medium' " on its inmate security classification scale of low, medium, or high.

On August 24, 2021, the criminal court scheduled a hearing to discuss plaintiff's transfer to the Department, as plaintiff "was ordered to the state hospital on April 5, 2021, but he remains at the main jail." The court's minutes from the hearing, held September 15, 2021, state plaintiff was " '#26 on the waiting list for transportation to [jail-based competency treatment] (sometime in November).' "

On September 24, 2021, the jail reassigned plaintiff to share a cell with Lemar Burleson in the jail's general population. Burleson suffered from mental illness. At one point, the jail housed him in its total separation housing isolated from other inmates. Jail staff reports noted that Burleson had " 'extreme psych issues' " and had often threatened to assault any inmate he was housed with. Like plaintiff, Burleson was waiting to be transferred and admitted to a state hospital.

The complaint alleges that on the same day, September 24, plaintiff's "jail mental health notes identified that he 'said he got a new cellmate but "It's not working out too well." Writer asked [him] to elaborate, but [he] said "I would rather talk to my attorney lawyer about it." [He] denied any physical or sexual contact occurred with his current cell-mate, but said "if he gets physical I'll have to defend myself." [H]e inquired about when he will go to [the state hospital] and talked about his next court date and said he's "praying for the judges." ' "

On September 26, 2021, Burleson attacked plaintiff inside their cell. Plaintiff sustained catastrophic injuries, including permanent brain injuries. He was transported to

4

a hospital and placed into a medically induced coma. There is no prognosis that he will recover from his brain injuries. Burleson was later charged with attempted murder of plaintiff.

The criminal court granted plaintiff compassionate release from custody on October 14, 2021. He remains hospitalized. He requires continuous medical care, which he is expected to require for the remainder of his life.

Plaintiff alleges that through his guardian ad litem and counsel, he learned in April 2022 of the Department's potential liability for his injuries sustained from at least April 5, 2021, to the present. Plaintiff himself was unable to discover his cause of action due to his continuous and ongoing legal incompetence and mental incapacity. Through his counsel, plaintiff presented a claim to the Department pursuant to the Government Claims Act on April 27, 2022.

The Government Claims Program (GCP) of the Department of General Services, which reviews claims presented to the state, did not act on the claim within 45 days of its presentation. Nor did the GCP pursuant to section 911.3 give plaintiff written notice within 45 days of the claim's presentation that the claim was not presented timely, and his only recourse was to apply to the GCP for leave to present the claim late.

However, by letter dated July 21, 2022, 85 days after plaintiff presented his claim, the GCP informed plaintiff it had determined his claim was presented late. It found that the cause of action accrued between February 22 and October 14, 2021, more than six months before the claim was presented.

In addition, the GCP construed the claim as including an application for leave to present a late claim. GCP stated it would review the application and inform plaintiff of its final determination.

Plaintiff initiated this action on August 4, 2022, by filing an amended complaint in a related federal action. The parties stipulated that plaintiff would dismiss his state law

5

claims without prejudice to allow him to assert them in a state action. This matter is that action. Plaintiff filed his original complaint in this matter on October 28, 2022.

He filed a first amended complaint, and the Department filed a demurrer, arguing that plaintiff did not comply with the Government Claims Act. The Department contended that plaintiff's cause of action accrued no later than September 26, 2021, the day he was assaulted, and plaintiff did not petition the court within six months of the deemed denial of his late-claim application. The parties disputed whether plaintiff had presented a government claim or a late-claim application. The trial court sustained the Department's demurrer to the first amended complaint with leave to amend. It ruled that plaintiff's claim was a late-claim application.

Plaintiff filed a second amended complaint, which is the operative complaint before us. Plaintiff alleged causes of action against the Department for failing to summon medical care for a prisoner (§ 845.6), violating the Tom Bane Civil Rights Act (Civ. Code, § 52.1), and negligence.

He alleged his cause of action accrued no earlier than April 2022 when, through his guardian ad litem and counsel and on account of his mental incapacity and legal incompetence, he learned of the Department's potential liability for injuries he sustained from April 5, 2021, to the present. He alleged he presented a timely claim on April 27, 2022, within six months of the cause of action's delayed accrual.

Plaintiff also alleged the Department did not act on the claim within 45 days, and thus the claim was deemed rejected on June 16, 2022, under section 912.4. He also alleged his claim was not an application to present a late claim.

The Department filed a demurrer to the second amended complaint, and the trial court sustained the demurrer without leave to amend. Treating plaintiff's claim as an application to present a late claim, the court stated the delayed discovery rule did not apply to relieve plaintiff from his failure to timely file a petition with the court to be relieved from the claim presentation requirement after his late claim application was

6

deemed denied. The trial court also ruled that the Department had not waived its timeliness defense under section 911.3 for not notifying plaintiff of the claim's untimeliness within 45 days of its presentation and the need to apply for leave to present a late claim, and that the time period was not equitably tolled. The court denied leave to amend after finding that plaintiff could not amend the complaint to cure the defects.

## DISCUSSION

## I

## *Standard of Review*

"The rules by which the sufficiency of a complaint is tested against a general demurrer are well settled. ' " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment . . . ." ' (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126, quoting *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) ' "The burden of proving such reasonable possibility is squarely on the plaintiff." ' (*Zelig v. County of Los Angeles*, at p. 1126.) Our examination of the complaint is de novo." (*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010.)

"In deciding whether a demurrer was properly sustained, '[w]e are not bound by the trial court's stated reasons, if any, supporting its ruling; we review the ruling, not its rationale.' " (*Center for Environmental Health v. Perrigo Co.* (2023) 89 Cal.App.5th 1, 16.)

7

## II

### *Plaintiff Presented a Claim*

Plaintiff argues he presented a claim to the Department and not an application for leave to present a late claim. He also contends that his claim was deemed denied by the Department's not responding to it within 45 days of its presentation.

### A. <u>Legal</u> <u>background</u>

The Government Claims Act prohibits an action for money or damages against a public entity until a written claim has been timely presented to the entity and the entity has acted upon the claim or the claim has been deemed to have been rejected by the entity. (§ 945.4.) A claim for damages arising from personal injury must be presented to the public entity no later than six months after the cause of action accrued. (§ 911.2, subd. (a).)

For purposes of computing the time limits imposed by the Government Claims Act, a cause of action accrues on the date on which it would be deemed to have accrued for purposes of the applicable statute of limitations if the cause of action had been litigated between private parties. (§ 901; *Shirk, supra*, 42 Cal.4th at pp. 208-209.) In certain cases, the discovery rule, which postpones accrual of a cause of action until the plaintiff discovers or has reason to discover the cause of action, may extend the time limit to present a claim. (*Nogart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397; *Bastian v. County of San Luis Obispo* (1988) 199 Cal.App.3d 520, 527.)

A public entity must act on a claim within 45 days after the claim was presented. (§ 912.4, subd (a).) If the entity does not act on the claim within 45 days, the claim is deemed to be rejected on the last day of the period. (§ 912.4, subd. (c).) This 45-day period, however, is not jurisdictional, and a public entity may act on a claim after the claim has been rejected by operation of law as long as an action on the clam is not barred

by the statute of limitations. (§ 913.2; *Kane v. County of San Diego* (1969) 2 Cal.App.3d 550, 554.)

When the personal injury claimant does not present the claim within the six-month period after the action accrues, the claimant may apply in writing to the public entity for leave to present the claim late. (§ 911.4, subd. (a).) The claimant must present this application to the entity no later than one year after the cause of action accrues. (§ 911.4, subd. (b).) If the public entity takes no action on the application within 45 days, the application is deemed to have been denied on the 45th day. (§ 911.6, subd. (c).)

If the public entity denies or is deemed to deny the application to present a late claim, the claimant may petition the superior court for an order relieving the claimant from the claim presentation requirement. (§ 946.6, subd. (a).) The claimant must file this petition within six months after the public entity denies the application to file a late claim. (§ 946.6, subd. (b).) This six-month period operates as a mandatory statute of limitations. (*J.M. v. Huntington Beach Union High School Dist.* (2017) 2 Cal.5th 648, 653.)

If a personal injury claim is presented more than six months after the action accrues, and the claim does not contain an application to present a late claim, the public entity may, within 45 days after the claim is presented, give written notice to the claimant that the claim was not filed timely and is being returned without further action. (§ 911.3, subd. (a).) The notice must state that the claimant's only recourse is to apply to the public entity for leave to present the claim late or to petition the superior court for an order relieving the plaintiff from the claim filing requirement. (§ 911.3, subd. (a).) A public entity waives any defense based on the timeliness of the claim if it does not timely give this notice. (§ 911.3, subd. (b).)

B.    Analysis

In its demurrer, the Department contended, and the trial court found, that this action was barred because plaintiff did not petition the trial court within six months of the

9

denial of his late-claim application for relief from the claim presentation requirement, and the time to file a petition had passed. The Department argued the claim disclosed that plaintiff's cause of action accrued as early as April 6, 2021, the day after the criminal court had ordered him to be transferred to a state hospital, and no later than September 26, 2021, when his cellmate attacked him. The Department asserted that plaintiff was required to present a claim within six months of those dates. (§ 911.2.) The Department argued, "[Plaintiff] failed to do so, such that his 'government claim,' submitted on April 27, 2022, was in fact an application to present a late claim under section 911.4, as stated on the claim form itself."

Before us, the Department contends that because plaintiff's cause of action accrued more than six months before he filed his claim, the claim "was necessarily an application to present a late claim," and plaintiff "did not present an untimely claim." And because the late-claim application was deemed denied 45 days later, the trial court correctly held that plaintiff was required to petition the court to be relieved from the claim presentation requirement, which he did not do.

We disagree with the Department's and the trial court's characterization of the claim. Whether the claim was timely or not, and whether it included an application to present a late claim, there can be no reasonable doubt that plaintiff presented a claim to the Department. "When a public entity receives a document which contains the information required by section 910 and is signed by the claimant or her agent as required by section 910.2, the public entity has been presented with a 'claim' under the act, and must act within 45 days or the claim is deemed to have been denied. (§ 912.4.)" (*Phillips v. Desert Hospital Dist.* (1989) 49 Cal.3d 699, 707 (*Phillips*).) Because plaintiff used the Department of General Services's claim form, the claim was deemed by statute to conform with sections 910 and 910.2. (§ 910.4.) It was thus by law a claim. Its purported untimeliness did not change that fact.

The Department's characterization of plaintiff's claim as not being a claim is inconsistent with the requirements of the Government Claims Act. That the claim may have been presented untimely did not render it a nullity or strip it of its status as a claim. Rather, its purported untimeliness rendered the claim a "claim as presented," which is a claim that is defective due to its not substantially complying with the information and timeliness requirements of the Government Claims Act. (*Phillips, supra*, 49 Cal.3d at pp. 706-707 & fn. 6.)

When the Department receives an untimely claim as presented, it cannot deem it not to be a claim simply because it was presented untimely. A defective claim, including an untimely claim, triggers the notice and defense-waiver provisions of sections 910.8, 911, and 911.3. (*Phillips, supra*, 49 Cal.3d at p. 707.) "[I]f a public entity receives a document that alerts it to the existence of a claim and the possibility of a lawsuit but fails to comply substantially with sections 910 and 910.2, the purposes of the act are best served by requiring the public entity to notify the claimant of the nature of the claim's insufficiencies *or lack of timeliness* or else waive, by operation of sections 911 and 911.3, its defenses based on those deficiencies." (*Id.* at p. 711, italics added.) A claim's untimeliness does not render the claim to be not a claim.

Because the Department did not return or otherwise act on the claim within 45 days of the claim's presentation, the claim was deemed to have been rejected as a matter of law. (§ 912.4.) Accordingly, plaintiff was free to file this action against the Department in superior court and allege the claim was timely without also applying for leave to present a late claim or petitioning the trial court for relief from the claim filing requirement. (*Phillips, supra*, 49 Cal.3d at p. 707; *Simms v. Bear Valley Community Healthcare Dist.* (2022) 80 Cal.App.5th 391, 398.) Even if the trial court could not relieve plaintiff from the claim filing requirement, "there was no bar, jurisdictional or otherwise, to the trial court finding that he presented a timely claim." (*Simms,* at p. 406.)

11

## III

### *Sufficiency of Complaint's Allegations of Delayed Accrual*

Even though plaintiff was authorized to file this action against the Department due to the latter's deemed rejection of his claim, he is still required to allege facts demonstrating or excusing compliance with the claim presentation requirement. (*State of California v. Superior Court* (*Bodde*) (2004) 32 Cal.4th 1234, 1243.) In this action, that meant plaintiff had to allege facts showing he presented his claim within six months of his cause of action's accrual. (*Shirk, supra*, 42 Cal.4th at p. 209.)

Generally, a cause of action accrues when it is complete with all its elements. (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806 (*Fox*).) An exception to this rule is the discovery rule, also known as the delayed discovery rule, "which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Id*. at p. 807.)

"[T]he discovery rule most frequently applies when it is particularly difficult for the plaintiff to observe or understand the breach of duty, or when the injury itself (or its cause) is hidden or beyond what the ordinary person could be expected to understand." (*Shively v. Bozanich* (2003) 31 Cal.4th 1230, 1248.) The date of a cause of action's accrual and whether the discovery rule applies are factual issues to be decided by the trier of fact. (*Jefferson v. County of Kern* (2002) 98 Cal.App.4th 606, 611-612.) It is not properly determined on demurrer unless the complaint's allegations and the facts that are properly subject to judicial notice can support only one reasonable conclusion. (*People ex rel. Allstate Ins. Co. v. Discovery Radiology Physicians, P.C.* (2023) 94 Cal.App.5th 521, 552; *Mandjik v. Eden Township Hospital Dist.* (1992) 4 Cal.App.4th 1488, 1504, fn. 12.)

The Department argues that the complaint's allegations of delayed discovery are conclusory, conflicting, and insufficient. The Department also contends that the

allegations in plaintiff's complaint establish that plaintiff's cause of action accrued more than six months before plaintiff presented his claim with the Department. The Department argues the discovery rule does not apply because the complaint's allegations show that plaintiff had reason to know the basis of his cause of action more than six months before he presented his claim.

The Department did not raise these contentions in its demurrer, and the trial court did not base its ruling on them. But because a judgment may be affirmed on any theory, a respondent may assert a new theory on appeal to establish that the judgment was correct on that theory unless doing so would unfairly prejudice the appellant by depriving him of the opportunity to litigate an issue of fact. (*J.R. v. Electronic Arts Inc.* (2024) 98 Cal.App.5th 1107, 1115, fn. 2.)

"In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' (*McKelvey v. Boeing North American, Inc.* (1999) 74 Cal.App.4th 151, 160.) In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand demurrer.' (*Ibid.*)

"Simply put, in order to employ the discovery rule to delay accrual of a cause of action, a potential plaintiff who suspects that an injury has been wrongfully caused must conduct a reasonable investigation of all potential causes of that injury. If such an investigation would have disclosed a factual basis for a cause of action, the statute of limitations begins to run on that cause of action when the investigation would have brought such information to light. In order to adequately allege facts supporting a theory of delayed discovery, the plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts

13

supporting the cause of action within the applicable statute of limitations period." (*Fox, supra*, 35 Cal.4th at pp. 808-809.)

Plaintiff's complaint shows on its face that his action against the Department is barred without the benefit of the discovery rule. As stated above, he was required to present his claim to the Department within six months of his cause of action's accrual. He presented the claim on April 27, 2022. Without the discovery rule, his cause of action accrued no later than September 26, 2021, when he was attacked in his jail cell. He presented his claim to the Department more than six months after that date.

To plead the discovery rule, plaintiff's complaint alleges he was mentally incapacitated and legally incompetent from at least April 5, 2021, to the present. The complaint further alleges that in April 2022, "at the earliest," plaintiff, "through his guardian ad litem and counsel," learned of the Department's potential liability. Plaintiff was, and is, unable to discover, or have reason to discover, his cause of action due to his continuous and ongoing incapacity and incompetence. He alleges he submitted a timely claim to the Department within six months of the accrual of his cause of action, even if the Department's actions and inactions resulting in his injury occurred more than six months earlier.

Plaintiff's complaint does not allege sufficient facts to plead the discovery rule. Although plaintiff alleges his guardian ad litem and counsel learned of the Department's potential liability in April 2022 at the earliest, he does not allege the manner in which his representatives discovered his cause of action against the Department. And although he alleges he was unable to discover the cause of action earlier due to his continuous incapacity and incompetence, he does not allege how his representatives were unable to have discovered the cause of action earlier had they exercised reasonable diligence. Their inability to discover the action and their exercise of reasonable diligence are relevant because timely filing of a claim is an absolute requirement even for incapacitated persons (*Carr v. State of California* (1976) 58 Cal.App.3d 139, 146), and the

14

representatives presented the claim on plaintiff's behalf. The present allegations, however, are merely conclusory and are insufficient to overcome a demurrer.

Plaintiff contends he should be given leave to amend his complaint because the trial court's ruling was not based on the insufficiency of his delayed discovery allegations. He states he can amend his complaint to allege, for example, that he, through his guardian ad litem and counsel, was unable to discover the Department's liability until after he sued the County of Sacramento, obtained discovery, and learned of the Department's liability for his injuries which necessitated the filing of a claim.

The Department, on the other hand, contends plaintiff's allegations establish that the discovery rule and delayed accrual cannot apply. The Department argues the allegations establish that plaintiff was aware of his cause of action—the Department's failure to transfer him to a state hospital for treatment and safety—no later than September 26, 2021. Despite plaintiff's pleaded incompetence, the complaint alleges that two days before the 26th, plaintiff informed a jail staff member that it was not working out well with his new cellmate, but he said he would rather talk to his attorney about it. Plaintiff said if his cellmate got physical, " 'I'll have to defend myself.' " Plaintiff also asked the staff member about when he would go to a state hospital. He talked about his next court date and said he was " 'praying for the judges.' " Plaintiff was attacked two days later.

The Department claims these allegations show that plaintiff was aware of his cause of action by September 26, 2021. By that date, plaintiff was aware of the criminal court's order for him to be transferred to the Department and that he had nonetheless remained at the county jail for several months and thereby denied mental health treatment by the Department. And he was attacked on the 26th. At that point, the cause of action was complete, and plaintiff's claim accrued by that date.

We agree with plaintiff that there is a reasonable possibility he may cure the defect in his complaint, and that he should be granted leave to amend his complaint to

15

specifically plead facts showing (1) the time and manner of discovery of his cause of action, and (2) the inability to have made earlier discovery despite reasonable diligence. The Department's contentions that plaintiff's claim was untimely based on the complaint's allegations is a timeliness defense, which the Department's ability to raise is conditioned on an eventual determination of whether plaintiff's claim included an application to present a late claim, an issue we discuss next.

IV

*Application for Leave to Present a Late Claim*

Because the claim was deemed denied, whether the claim was also an application for leave to present a late claim is relevant only for determining whether the Department waived its timeliness defense. Recall that under section 911.3, a public entity waives its timeliness defense if the untimely claim is presented without an application for leave to present a late claim and the public entity does not notify the claimant within 45 days of the claim's presentation that the claim was untimely. (§ 911.3, subd. (b).) The Department did not notify plaintiff of his claim's purported untimeliness within 45 days of its presentation. Thus, it has waived its timeliness defense if the claim is interpreted not to include an application to present a late claim.

A.      Background

The trial court took judicial notice of plaintiff's claim and GCP's July 21, 2022, notice to plaintiff informing him his claim was late but that he had enclosed an application for leave to present a late claim and GCP was reviewing the application. Plaintiff presented his claim using a claim form prepared by the Department of General Services. The form includes a box titled "LATE CLAIM EXPLANATION (Required, if incident was more than six months ago.)"  In this box, plaintiff typed "See Attachment," as he did for each box on the form that sought substantive information. The attachment is a three-page explanation of the dates and circumstances giving rise to plaintiff's claim

16

and a description of the causes of action plaintiff intended to pursue against the Department.

In sustaining the Department's demurrer to the first amended complaint, the trial court found that the claim was a request to present a late claim and not a claim. The manner in which plaintiff filled out the claim form "appeared to describe a late claim." Plaintiff wrote "See Attachment" in the box seeking a late claim explanation, and under "DATE OF INCIDENT," plaintiff typed " '2/22/2021 – 10/14/2021.' " The court also relied on the judicially noticed letter from GCP dated July 21, 2022, stating that plaintiff had enclosed with his claim an application for leave to present a late claim.

Sustaining the demurrer to the operative complaint, the trial court again rejected plaintiff's contention that his claim was not an application to present a late claim. The court stated, "Plaintiff's argument . . . ignores the fact that the judicially noticed documents show that the GCP determined that the Claim was presented late, and stated that 'You enclosed with your claim an application for leave to present a late claim (late application).' . . . Thus, as explained in the Court's ruling on the demurrer to the First Amended Complaint, GCP treated the claim as a request for leave to present a late claim."

B.     Analysis

A general demurrer admits the contents of a written instrument attached to a complaint and also any pleaded meaning to which the instrument is reasonably susceptible. (*Shine v. Williams-Sonoma, Inc.* (2018) 23 Cal.App.5th 1070, 1081.) Plaintiff alleged his claim was in fact a claim and not an application to present a late claim. His claim is reasonably susceptible to that interpretation.

Nowhere does plaintiff's claim indicate it is an application to present a late claim. The claim form states it is a "State of California Government Claim." The form explains where the claimant is to mail or deliver the "claim form and all attachments." Plaintiff's

17

attachment is entitled "Government Claim of [Plaintiff] Against State of California, [et al.]"  The claim was labeled "government claim" in at least eight locations.  The contents of the claim notified the Department that he was attempting to present a claim, and litigation would result if the matter was not resolved.

The Department argues the trial court and GCP properly determined that plaintiff submitted an application to present a late claim because the trial court found his cause of action accrued no later than September 26, 2021, and thus his claim "was necessarily" an application to present a late claim.  Further, the form and the information plaintiff submitted supports the conclusion he submitted a late-claim application.  In addition to typing "See Attachment" under "LATE CLAIM EXPLANATON," plaintiff did not explain in the claim how his cause of action accrued on a date different from those listed on the form to show he intended the claim to be a timely claim regardless of the incident dates he listed.  The Department asserts that plaintiff is bound by his admissions in his judicially noticed claim form.  (Contrary to the Department's argument, the trial court did not determine that plaintiff's cause of action accrued by September 26, 2021.)

While both parties ascribe reasonable but different meanings to the claim and its attachment, " ' "[s]o long as the pleading does not place a clearly erroneous construction upon the provisions of the contract, in passing upon the sufficiency of the complaint, we must accept as correct plaintiff's allegations as to the meaning of the agreement." ' " (*George v. Automobile Club of Southern California* (2011) 201 Cal.App.4th 1112, 1124.)  Plaintiff's interpretation of the claim is not clearly erroneous.

The Department's determining the claim was an application to present a late claim, and the trial court's taking judicial notice of the claim and the Department's determination, did not establish as a matter of law that the claim was an application to present a late claim.  When considering judicially noticed documents or exhibits to a complaint on demurrer, courts may not resolve a dispute as to the underlying truth of the documents' statements or their proper interpretation.  (*Panterra GP, Inc. v. Superior*

18

*Court* (2022) 74 Cal.App.5th 697, 712-713, fn. 13.) When judicial notice is taken of a document and the parties dispute the document's meaning, "the truthfulness and proper interpretation of the document are disputable." (*StorMedia Inc. v. Superior Court* (1999) 20 Cal.4th 449, 456-457, fn. 9; *Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 113; compare *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 753-757 [court may take judicial notice of legal effect of document where document's meaning is not reasonably subject to dispute].) "The hearing on demurrer may not be turned into a contested evidentiary hearing through the guise of having the court take judicial notice of documents whose truthfulness or proper interpretation are disputable." (*Fremont Indemnity Co.*, at p. 114.)

Because the claim was reasonably susceptible to plaintiff's pleaded interpretation of it as a claim and not also an application for leave to present a late claim, the demurrer admitted plaintiff's meaning as true for purposes of demurrer. (*Shine v. Williams-Sonoma, Inc., supra*, 23 Cal.App.5th at p. 1081.) The trial court erred in determining as a matter of law that the claim was only an application to present a late claim

Also, because the trial court could not determine on demurrer whether plaintiff's claim was accompanied by an application to present a late claim, we cannot determine on appeal whether as a matter of law the Department has waived its timeliness defenses under section 911.3.

DISPOSITION

The judgment is reversed. The trial court is directed to vacate its judgment of dismissal and its order sustaining the Department's demurrer to plaintiff's second amended complaint without leave to amend, and to enter a new order sustaining the Department's demurrer with leave to amend consistent with this opinion.

Costs on appeal are awarded to plaintiff.  (Cal. Rules of Court, rule 8.278(a).)


                                        _____

                                        HULL, Acting P. J.


We concur:


_____

ROBIE, J.


_____

KRAUSE, J.